UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11359-RGS

H. CARR & SONS, LLC

v.

NEW ENGLAND PAINTING, FINISHING &
GLAZING INDUSTRIES DC 35 JOINT TRADE BOARD

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

July 13, 2023

STEARNS, D.J.

Plaintiff H. Carr & Sons (Carr) brought this lawsuit against defendant New England Painting, Finishing & Glazing Industries DC 35 Joint Trade Board (the Board) seeking declaratory judgment regarding an alleged conflict of interest involving legal representation by the law firm Feinberg, Dumont & Brennan (Feinberg). Feinberg represents both the Board and the Painters and Allied Trades District Council No. 35 Trust Funds (Funds), the entity which referred Carr to the Board for a disciplinary hearing. The Complaint asserts one claim against the Board — that its legal representation by Feinberg, who also represents the Funds, violates Rule 1.7 of the Massachusetts Rules of Professional Conduct. The Board moves to dismiss this lawsuit for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  For the following reasons, the court grants the motion and dismisses this action for lack of subject matter jurisdiction.

## DISCUSSION

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."  *Ne. Erectors Ass'n of BETA v. Sec'y of Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir. 1995).  Carr bears the burden of asserting federal subject matter jurisdiction in this case.[1] To determine whether Carr has met its burden, the court "take[s] as true all well-pleaded facts in the plaintiffs' complaint[ ], scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor." *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009).

Federal courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331, and actions in which the parties have

---

[1] When faced with a motion to dismiss for lack of subject matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence."  *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993).

diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  Federal courts may also exercise jurisdiction over cases "encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  Absent § 1331 federal question jurisdiction, § 1332 diversity jurisdiction, or a statutory grant of jurisdiction, the court lacks subject matter jurisdiction to hear the case, and the action must be dismissed.

## I.     Rule 12(b)(1) Motion

Carr asserts that this court has jurisdiction over this lawsuit pursuant to § 1331 pursuant to section 301 of the Labor Management Relations Act (LMRA).  Section 301 of the LMRA "completely preempts a state law claim if the resolution of the claim necessitates analysis of, or substantially depends on the meaning of, a collective bargaining agreement." *Quesnel v. Prudential Ins. Co.*, 66 F.3d 8, 10 (1st Cir. 1995).  The line is drawn between mere consultation of the CBA, which does not require preemption, and active interpretation, which does.  *Lydon v. Bos. Sand & Gravel Co.*, 175 F.3d 6, 10 (1st Cir. 1999).

The sole claim before the court is an alleged conflict of interest based on Mass. R. Prof. Cond. 1.7.  Compl. [Dkt # 1] ¶ 33.  Carr argues that "the CBA is necessarily implicated in the conflict issue," requiring LMRA

3

preemption of the state-law claim.  Pl.'s Opp'n to Def.'s Mot. to Dismiss [Dkt # 24] at 6.  He asserts that the alleged conflict of interest "threatens to infringe on the duties or obligations of the parties to the CBA."  *Id.* at 7.  However, Carr points to nothing in the CBA that would purport to have any bearing on this solely state-law matter, even as a matter of reference, much less interpretation.  The CBA is not implicated in Carr's current claim.

## ORDER

Because the state-law claim is not preempted by section 301 of the LMRA, the court does not have subject matter jurisdiction to hear the case. The court accordingly <u>GRANTS</u> the motion and <u>DISMISSES</u> the case for lack of subject matter jurisdiction.[2]

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also moves for attorney's fees and costs for the filing of a frivolous lawsuit.  While the court finds the litigation questionable, it does not rise to the level of frivolous, thus, the court declines to impose these costs.